The Honorable D.R. "Buddy" Wallis State Representative Route 5, Box 489 Malvern, AR 72104-9104
Deal Representative Wallis:
This is in response to your request for an opinion on the following questions:
 Can a justice of the peace, after having served three (3) terms, continue to perform marriage ceremonies from that time forward, even if he no longer holds the office of Justice of the Peace?
 Must the ceremonies be performed only in the counties that the Justice of the Peace served while in office?
 The answer to both of your questions is "yes." It is my opinion that a former justice of the peace who served at least three terms since 1974 can perform marriage ceremonies, and the ceremonies must be performed in the counties that the justice of the peace served. If a justice of the peace wants to perform marriages in a county other than the one he/she served, he/she must be appointed for the purpose of performing marriages by the quorum court of the county where the marriage is to be solemnized.
Arkansas law clearly outlines persons who may solemnize marriages in A.C.A. § 9-11-213 (amend. 1997), which provides in part:
 (4) Any justice of the peace of the county where the marriage is solemnized, including any former justice of the peace who served at least three (3) or more terms since the passage of Arkansas Constitution, Amendment 55;. . . .
* * *
 (7) Any official appointed for that purpose by the quorum court of the county where the marriage is to be solemnized;. . . .
As this law prescribes, the answer to your first question is "yes," a former justice of the peace can perform the marriage pursuant to A.C.A. § 9-11-213(4), as long as he/she served at least three terms since 1974 (when Amendment 55 was "passed"). Even if the justice of the peace did not serve at least three terms after 1974, he/she may still perform marriages pursuant to A.C.A. § 9-11-213(a)(7), if he/she is appointed for the purpose of marrying persons by the quorum court of the county where the marriage is to be solemnized. However, A.C.A. § 9-11-213(a)(7) is limited by A.C.A. § 14-20-110, which states:
 The county quorum courts may appoint special officials to solemnize marriages within their respective counties. However, the maximum number of such officials shall not exceed two (2) per ten thousand (10,000), or fraction thereof, population in the county as determined by the last census.
Thus, if the former justice of the peace qualifies under A.C.A. §9-11-213(a)(4) or A.C.A. § 9-11-213(a)(7) and A.C.A. § 14-20-110, then he/she may perform marriages.
The answer to your second question is "yes." Arkansas law specifically states that former justices of the peace who served at least three terms since Amendment 55 was passed can perform marriages in a county if they were a "justice of the peace of the county where the marriage is solemnized." A.C.A. § 9-11-213(1)(4). However, as with your first question, if a justice of the peace, or former justice of the peace, does not qualify to perform a marriage in a particular county, he/she might qualify to perform a marriage in a particular county if the quorum court of the county where the justice of the peace did not serve so appoints him/her, pursuant to A.C.A. §§ 9-11-213(a)(7) and 14-20-110.
The conclusion reached to your second question is further supported by A.C.A. § 9-11-704(b), which states:
 All marriages so solemnized prior to March 31, 1885, by any justice of the peace, or any other person authorized by law to solemnize the rites of matrimony, of any county in any other county are legalized and made as binding between the married persons, in every respect as if the rites of matrimony had been solemnized by a justice of the peace of the county where the marriage was solemnized.
 This provision "legalizes marriages solemnized by any person authorized to do so not living in county where ceremony was performed" (title, Act 110 of 1885) prior to March of 1885, but it is my opinion that it does not legalize such marriages after 1885. It is my opinion that A.C.A. § 9-11-704(b), and A.C.A. § 9-11-213(4) that permits marriages by "[a]ny justice of the peace of the county where the marriage is solemnized," support the conclusion that ceremonies must generally be performed only in the counties where the justice of the peace served office.
Thus, a former justice of the peace who served three terms or more can perform marriages, and a justice of the peace can only perform ceremonies in a county where he served; otherwise, it appears that a justice or former justice of the peace can solemnize marriages in any county where the county quorum court so appoints him/her to do so.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB/ECW/LS:cyh